UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC SANDLES,

      Plaintiff,

v.

                                    Case No. 12-12117

ERIC L. CLAY, JOHN M. RODGER,
JAMES L. GRAHAM, DEBORAH COOK,      Honorable Patrick J. Duggan
R. GUY COLE, RICHARD ALLEN
GRIFFIN, GEORGE C. STEEH,
PATRICIA GAEDEKE, ALICE M.
BATCHELDER, STEPHEN J. MURPHY,
SARAH COHEN, MARK GROSS, and
JOHN DOE,

      Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff John Eric Sandles, appearing *pro se*, has filed numerous lawsuits in this and other courts. In one of those cases, filed in 2007 and assigned to the Honorable Marianne O. Battani, it was noted that "[s]ince approximately 1995, Plaintiff has filed some 80 cases in the federal courts." *See* Magistrate Judge's Report and Recommendation at 2, *Sandles v. United States*, No. 07-15066 (E.D. Mich. Jan. 4, 2008). From this Court's review, it appears that many (if not all) of Plaintiff's lawsuits arise from prior criminal convictions in this District or the Eastern District of Wisconsin, the revocation of his supervised release, and/or the conditions of his confinement (specifically the failure to receive psychiatric treatment and/or evaluation). Judge Battani issued an order on January

28, 2008, enjoining Plaintiff "from filing future actions without first seeking and obtaining leave of court." Order, *Sandles v United States*, No. 07-15066 (E.D. Mich. Jan. 28, 2008) (emphasis removed).

It appears from this District's electronic filing system and the United States Pacer system (which tracks filings in federal district, bankruptcy, and appellate courts) that Judge Battani's order had the effect of reducing the number of lawsuits Plaintiff initiated. Recently, however, Plaintiff filed three new lawsuits that are now before the undersigned: Case No. 12-11721, *Sandles v. Chastang, et al.* (filed Mar. 27, 2012 in Wayne Cnty. Cir. Ct. and removed Apr. 18, 2012); Case No. 12-11773, *Sandles v. Andrew Batista, et al.* (filed April 20, 2012); and Case No. 12-12117, *Sandles v. Clay, et al.* (filed April 13, 2012 in Wayne Cnty. Cir. Ct. and removed May 10, 2012). All of the defendants named in the above-captioned case (Case No. 12-12117) are also named in Case No. 12-11773, and most are also named in Case No. 12-11721.

Plaintiff did not seek and obtain leave of court prior to filing the above-captioned action. While Plaintiff filed the action in the Circuit Court for Wayne County, Michigan, Judge Battani's order was not limited to the filing of lawsuits in federal court.[1] *See supra*.

---

[1]The Anti–Injunction Act, codified at 28 U.S.C. § 2283, prohibits a federal court from issuing injunctions "to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Supreme Court has held, however, that the Act only prohibits injunctions against pending state court proceedings; the Act does not preclude injunctions against the institution of state court proceedings. *Dombrowski v. Pfister*, 380 U.S. 479, 485 n. 2, 85 S. Ct. 1116, 1120 n.2 (1965). The Sixth Circuit Court of Appeals has held that the Anti-
(continued...)

2

As such, the Court finds that Plaintiff has violated Judge Battani's January 28, 2008

order.  This, alone, justifies the Court's dismissal of his lawsuit.  The dismissal is with

prejudice because Plaintiff's Complaint also is frivolous.[2]

   "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of

subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v.*

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37,

94 S. Ct. 1372 (1974) (citing numerous Supreme Court cases for the proposition that

patently frivolous, attenuated, or unsubstantial claims divest the district court of

---

[1](...continued)
Injunction Act prohibits federal courts from issuing injunctions against state court
proceedings "commenced after the institution of the federal suit but before the . . . injunction
was issued." *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 528 (6th Cir.1978), *cert.*
*granted*, 440 U.S. 944, 99 S. Ct. 1420, *cert. dismissed*, 442 U.S. 925, 99 S. Ct. 2852 (1979).
Plaintiff filed his recent complaints in state court *after* the case before Judge Battani was
initiated and *after* she issued her injunction.  Moreover, enforcing Judge Battani's order to
enjoin the current lawsuits is "'necessary . . . to protect or effectuate [Judge Battani's]
judgment.'"  *Great Earth Companies, Inc. v. Simon*, 806 F.3d 878, 894 (6th Cir. 2002)
(quoting 28 U.S.C. § 2283).  Plaintiff is suing the same defendants that he previously sued
in Judge Battani's case and he is seeking to redress the same injury asserted in Judge
Battani's case.

[2]Defendants have filed a motion to dismiss.  Many of the arguments raised in Defendants'
motion justify the relief they seek, as well as complete dismissal of Plaintiff's lawsuit.
Nevertheless, adjudicating the motion will require the Court to expend further time on a
frivolous lawsuit and interfere with the Court's ability to dispense justice where warranted.
Further, the Court assumes Defendants would appreciate not expending additional resources
responding to Plaintiff's frivolous filings and having to wait for his response to their motion
before having this lawsuit dismissed.

jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous)). To the extent the Court is able to understand the allegations in the documents Plaintiff filed in his three pending actions, there are several reasons why the present lawsuit is frivolous and/or fails to assert claims that remain open for discussion. For example, most of the defendants named in Plaintiff's lawsuit are entitled to absolute judicial or prosecutorial immunity. To the extent Plaintiff argues in the present pleadings that these defendants exceeded their jurisdiction and therefore are not protected by absolute immunity, his jurisdictional argument has been raised and rejected in a number of prior lawsuits. *See, e.g.*, Opinion and Order Dismissing the Pet. for Writ of Habeas Corpus, *Sandles v. Frank, et al.*, No. 00-72277 (E.D. Mich. filed May 31, 2000). As an alternative ground for dismissal, all of the defendants named in the current action have been named as defendants in one or more of the previous actions filed by Plaintiff. Those previous actions have sought damages for the same injury alleged in the pending matter. Even if the prior actions were brought under different theories of liability, the doctrines of res judicata and/or collateral estoppel bar his pending lawsuit.

Finally, Plaintiff seeks enforcement of an order entered by the District Court for the Western District of Wisconsin on January 29, 2004, which he refers to as "the Great Writ." Plaintiff asserts that the order declared his conviction "void" and his imprisonment "false." He further claims that Defendants engaged in a RICO conspiracy

4

by ignoring the writ.  In fact, as the Wisconsin court explained in a recently issued

decision, the order simply was a show cause order directing the respondent in the case to

answer the petition:

> Sandles misinterprets the order entered by Judge John C. Shabaz on January
> 29, 2004, by construing it as a grant of relief in his favor.  It is not.  A show
> cause order speaks for itself, simply directing a party to show cause why a
> judgment, order, sanction, or other relief should not be entered against it.

Opinion and Order at 5-6, *Sandles v. Scibana*, No. 03-cv-373 (W.D. Wis. April 25, 2012).

Significantly, the court goes on to report that the respondent successfully responded to the

show cause order by filing a motion to dismiss which Judge Shabaz granted.  *Id*. at 6.

Therefore, the Court is summarily dismissing Plaintiff's Complaint.  As such, the Court

finds moot Defendants' pending motion to dismiss

Moreover, because Judge Battani's order has not deterred Plaintiff from filing

frivolous lawsuits and he did not comply with the order by seeking leave of court before

filing his most recent lawsuits, the Court is ordering that his future filing of any *in forma*

*pauperis* lawsuit (1) without first seeking leave of court or (2) that is frivolous will result

in a sanction of $250 for each lawsuit filed.  The Supreme Court has provided one

rationale for such a sanction:

> Every paper filed with the Clerk of this Court, no matter how repetitious or
> frivolous, requires some portion of the institution's limited resources. A part of
> the Court's responsibility is to see that these resources are allocated in a way
> that promotes the interests of justice. The continual processing of petitioner's
> frivolous [lawsuits] does not promote that end.

5

*In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 996 (1989); *see also In re Sindram*, 498 U.S. 177, 180, 111 S. Ct. 596, 597 (1991) ("The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations-filing fees and attorney's fees-that deter other litigants from filing frivolous petitions.").  Perhaps imposing financial considerations on Plaintiff when he wishes to file additional lawsuits will deter him from continuing to abuse the judicial system.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that, pursuant to Judge Battani's previous Order, Plaintiff is **ENJOINED FROM FILING FUTURE ACTIONS** without first seeking and obtaining leave of court;

**IT IS FURTHER ORDERED** that, hereafter, sanctions of $250 will be imposed on Plaintiff for each violation of Judge Battani's order or each filing of an *in forma pauperis* frivolous lawsuit.[3]

---

[3]Defendants are expected to bring Judge Battani's and this Court's orders to the attention of any
(continued...)

6

Date: May 31, 2012                         s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE


Copies to:
John Eric Sandles
7266 Winthrop
Detroit, MI   48228

Jan Geht, Esq.

---

[3](...continued)
court in which Plaintiff files subsequent lawsuits, as no uniform system has been created to track
serial frivolous filers.